**GALVESTON, H. & S. A. RY. CO. v. LICATA. (No. 770–4570.)**

(Commission of Appeals of Texas, Section A. Feb. 10, 1926.)

1. Carriers ⬅136—Evidence held to present issue of fact as to whether damage to fruit was caused by inherent infirmity.

Conflicting evidence *held* to present issue of fact as to whether damaged condition of cantaloupes shipped on defendant's railway, on their arrival at destination, was caused by their inherent infirmity.

2. Carriers ⬅132—Burden of proving negligence is on interstate shipper, when damage shown to have resulted from inherent infirmity.

In interstate shipments, burden of proof is on the shipper to show that carrier was negligent in handling shipment, where carrier has shown that the damage occurred from inherent infirmity in goods transported under circumstances not showing negligence.

3. Carriers ⬅137—Charge putting burden of showing freedom from negligence on carrier held error, where evidence made question of whether damage to shipment was due to inherent infirmity of fruit one for jury.

In action for injuries to cantaloupes in interstate shipment, where carrier adduced evidence presenting for determination of jury issue as to whether inherent infirmity of cantaloupes caused the damage, court could not decide that it did not sufficiently appear that damage was due to inherent infirmity of shipment, such question being for the jury, and hence a charge putting burden of proof on carrier to show that it was not negligent was error.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by A. T. Licata against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (269 S. W. 821), and defendant brings error. Reversed and remanded.

Kemp & Nagle and H. Potash, all of El Paso, and Baker, Botts, Parker & Garwood, of Houston, for plaintiff in error.

Nealon & McGill, of El Paso, for defendant in error.

BISHOP, J. This is a suit filed by A. T. Licata, defendant in error, against the Galveston, Harrisburg & San Antonio Railway Company, plaintiff in error, in the district court of El Paso county, to recover damages on account of its negligence in the shipment of a carload of cantaloupes from El Paso, Tex., to New Orleans, La. The parties will be designated as in the trial court.

The car of cantaloupes involved in this suit was shipped from Morada, state of Nayarit, Mexico, on April 21, 1922, to El Paso, Tex., where it arrived April 29, 1922. Plaintiff in his petition alleged that, on arrival of the car at El Paso, he purchased the cantaloupes and on that date directed defendant to ship said carload of cantaloupes with standard refrigeration to Fort Worth, Tex.; that it accepted said shipment and proceeded to transport said car over its railroad to Fort Worth; that thereafter, on the 1st day of May, 1922, before the car reached Fort Worth, he delivered a written order to the agent of defendant at El Paso, Tex., directing him to divert the car with standard refrigeration to New Orleans, La.; that though said agent accepted the order of diversion, defendant negligently failed to make such diversion and negligently transported the carload of cantaloupes to Fort Worth, Tex.; that it also negligently failed to notify him that the car had not been diverted, and that by reason of such negligence the car of cantaloupes was delayed, and did not arrive in New Orleans, La., until two days later than it should have reached there, which caused the cantaloupes to arrive "in New Orleans in very bad condition, being cooked, overripe, soft, and badly decayed, practically all of said cantaloupes showing mold at the stem." He also alleged that defendant failed to properly ice the car at re-icing stations en route as required for standard refrigeration as prescribed by the perishable products tariff.

Defendant answered by general denial, and also alleged that if the cantaloupes "arrived in New Orleans in unmerchantable condition that the same was due to natural deterioration as a result of the time during which the said cantaloupes had been off the vine, and also due to the condition of the said cantaloupes at the time they were picked and crated." The case was tried before a jury, resulting in a verdict and judgment for plaintiff, which was by the Court of Civil Appeals affirmed. 269 S. W. 821.

[1] Defendant introduced testimony to the effect that these cantaloupes were grown in Punta de Agua, some 40 miles from Morada, the original point of shipment; that they were picked from the vines three or four days before they were loaded, and were hauled to Morada in two-wheel carts drawn by mules; and that an inspection at Morada showed that 30 per cent. of the melons were ripening. Based upon this evidence, testimony was offered to the effect that these melons could not have been in good condition for shipment on their arrival in El Paso. Plaintiff and other witnesses testified that they inspected the cantaloupes on arrival of the shipment at El Paso, and found them to be sound and in good condition for shipment. This evidence clearly presents an issue of fact as to whether the damaged condition of the cantaloupes when they arrived in New Orleans was caused by their inherent infirmity.

In paragraph 8 of the general charge the court instructed the jury as follows:

"If you find that the cantaloupes complained of could not by use of ordinary care on the part of the carriers and the condition which surrounded the shipment have been carried to New Orleans from the place they were grown with less deterioration than they suffered by the shipment complained of, you will find for the defendant."

The court also gave in charge to the jury the following, to which defendant objected on the ground that the burden of proof was on the plaintiff to show that the damage was caused by the negligence of defendant, to wit:

"You are instructed in connection with paragraph 8 of the court's main or general charge that the burden of proof is upon the defendant to show that by the use of ordinary care on the part of the carriers and the conditions which surrounded the shipment the cantaloupes could not have been carried to New Orleans from the place that they were grown with less deterioration that that suffered by the shipment complained of."

[2] Defendant insists that this charge, placing upon it the burden of proof to show that it was not negligent in transporting the shipment, constitutes reversible error. This is an interstate shipment, and the rule of law applicable thereto is that the burden of proof is on the plaintiff to show that the carrier was negligent in handling the shipment, where the carrier has shown that the damage occurred from an inherent infirmity in the goods transported under circumstances not showing negligence. Cleburne P. & P. Co. v. M., K. & T. Ry. Co. (Tex. Com. App.) 221 S. W. 270.

[3] In its opinion in this case the Court of Civil Appeals held this to be the rule, but overruled defendant's assignment of error complaining of this charge for the reason that the facts and circumstances attending the shipment of cantaloupes are not such as to make the rule applicable. This holding is based upon its finding that:

"It was not sufficiently made to appear, as a fact, that the loss and damage to the melons resulted from the character of the shipment itself, or from any inherent infirmity of the melons not showing negligence of" defendant.

Whether this was "sufficiently made to appear" was a fact issue, which defendant had a right to have the jury decide under proper instructions from the court, and not a question for the Court of Civil Appeals to decide under the assignment urged. The defendant had adduced evidence presenting for the determination of the jury the issue as to whether the inherent infirmity of the cantaloupes was such as to cause the damage for which complaint was made, and the charge putting the burden of proof upon the defendant to show that it was not negligent was error.

We therefore recommend that both judgments be reversed and the cause remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals on the questions discussed in its opinion.